UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CORDARIOUS BALTIMORE, | ) |
| Plaintiff, | ) |
| VS. | ) No. 15-1066-JDT-egb |
| MELVIN BOND, ET AL., | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On March 27, 2015, Plaintiff Cordarious Baltimore ("Baltimore"), who was, at the time, confined at the Haywood County Jail ("Jail") in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1.) After Baltimore submitted the required documentation (ECF No. 4), the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 5). Baltimore subsequently notified the Clerk he had been released. (ECF No. 6.) Baltimore also submitted a

---

[1] Kenneth Eric McFarland, Ray Collier, Tyler Taylor, Stephen Therialt, and Willie Bailey are also listed as plaintiffs on the complaint, but they did not sign the complaint or submit applications to proceed *in forma pauperis*. Therefore, Cordarious Baltimore is the only proper plaintiff. Generally, no *pro se* plaintiff may represent another plaintiff or sign a pleading on behalf of another plaintiff. *See Johns .v. Cnty of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 1442, 1443 (5th Cir. 1989). The Clerk is directed to MODIFY the docket to terminate all listed plaintiffs except Cordarious Baltimore.

non-prisoner application to proceed *in forma pauperis* (ECF No. 7), which the Court granted on July 15, 2015 (ECF No. 8). The Clerk shall record the Defendants as Haywood County Sheriff Melvin Bond; Captain Tonya Fisher; Lieutenant Cedrick Tyus; Corporal ("Cpl.") Nancy Starks; Officer Thomas Wills; Cpl. Divonne Clark; Cpl. First Name Unknown ("FNU") Kennedy; Deputy FNU Howington; Deputy FNU Henderson; Deputy FNU Jones; Lt. Ray Bunch; Sergeant Clarence Delk; and Deputy FNU King.

## I. The Complaint

Baltimore alleges that Defendants Bond, Tyus and Fisher have given lower level staff, including Defendants Kennedy, Clark and Starks, permission to use excessive force with taser guns. (ECF No. 1 at 2.) Baltimore alleges that Defendants Jones, King and Howington have threatened him with taser guns (*id.*) and that Defendants Bunch, Delk, Henderson and Wills have been allowed to use excessive force. (*Id.*) Baltimore seeks money damages. (*Id.* at 3.)

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure

12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional"

3

> factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who

come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Baltimore filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

For Baltimore, who was presumably a pretrial detainee while confined at the Jail, claims of excessive force arise under the Fourteenth Amendment. The Supreme Court held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that the proper inquiry with regard to such claims is whether the plaintiff can show "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. "The inquiry is highly fact-dependent, and must take into account the 'perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of

5

hindsight.'" *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 538 (6th Cir. 2015) (quoting *Kingsley*, 135 S. Ct. at 2473.

In this case, Baltimore does not allege the Defendants subjected him to any force at all, let alone excessive force. Baltimore alleges only that Defendants Bond, Fisher and Tyus gave the other officers permission to use excessive force with taser guns and that Defendants Jones, King and Howington threatened him with tasers.[2] However, Baltimore does not set forth any of the circumstances surrounding these alleged threats or assert that he was actually harmed by any of the Defendants. Therefore, the complaint does not sufficiently allege that Baltimore was subjected to force that was objectively unreasonable. For this reason, Baltimore's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal

---

[2] Baltimore alleges that Defendants Bunch, Delk, Henderson and Wills were also "allowed to use excessive force" (ECF No. 1 at 2); however, he does not allege these Defendants subjected *him* to excessive force.

entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court cannot conclude that any amendment to Baltimore's claims would be futile as a matter of law.

## IV. Conclusion

The Court DISMISSES Baltimore's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is GRANTED. Any amended complaint must be filed within thirty (30) days after the date of this order. Baltimore is advised that an amended complaint will supersede the original pleadings and and must be complete in itself without reference to those prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Baltimore fails to

file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Baltimore is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE