IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CORDARIOUS BALTIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1066-JDT-egb |
| ) | |
| MELVIN BOND, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 27, 2015, Plaintiff Cordarious Baltimore, who was, at the time, incarcerated at the Haywood County Jail ("Jail") in Brownville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Plaintiff filed the necessary documents, the Court issued an order on April 15, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On June 1, 2015, Plaintiff notified the Court that he had been released from the Jail and provided his new address. (ECF No. 6.)[1]

On April 15, 2016, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to amend within thirty days. (ECF No. 9.) Plaintiff was

---

[1] Plaintiff also filed another motion to proceed *in forma pauperis* on the "long-form" affidavit required of non-prisoners. (ECF No. 7.) The Court granted the motion on July 15, 2015. (ECF No. 8.)

warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 7-8.) However, Plaintiff has not filed an amended complaint, and the time within which to do so has expired. Judgment will be entered in accordance with the April 15, 2016, order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE